IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

RSK Enterprises, LLC, A Delaware Limited Liability Company,

Plaintiff,

v.

Comcast Spectacor, L.P., a Pennsylvania Limited Partnership, Global Spectrum, L.P., a Pennsylvania Limited Partnership d/b/a Spectra Venue Management, and Brian Martin, an individual,

Defendants.

## COMPLAINT

Plaintiff RSK Enterprises, LLC, a Delaware limited liability company, with its principal place of business in Illinois (hereinafter referred to as "RSK" or "Plaintiff") by and through its attorneys, Blaise & Nitschke, P.C. and Leavens, Strand & Glover, LLC, bring this action against Comcast Spectacor, L.P., a Pennsylvania limited partnership (hereinafter referred to as "Spectacor"), Global Spectrum, L.P., a Pennsylvania limited partnership doing business as Spectra Venue Management (hereinafter referred to as "Spectra"), and Brian Martin, an individual (hereinafter referred to as "Martin") (hereinafter collectively referred to as "Defendants"), as it relates to Defendants' breach of contract of a performance agreement, unjust enrichment, breach of fiduciary duty,

fraud in the inducement, negligence, and violation of the Illinois Deceptive Trade Practices Act, Plaintiff alleges as follows:

JURISDICTION AND VENUE

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the negotiation and acceptance of the contract substantially occurred in this district; the injury resulting from Defendants' breach of contract occurred in this district; the injury resulting from Defendants' unjust enrichment occurred in this district; the injury resulting from Defendants' breach of fiduciary duty occurred in this district; the injury resulting from Defendants' fraud in the inducement occurred in this district; the injury resulting from Defendants' negligence occurred in this district; the injury to Plaintiff resulting from Defendants' violation of the Illinois Deceptive Trade Practices Act occurred in this district; and Defendants regularly conduct business in this district; and Plaintiff's principal place of business is in this district.

PARTIES

3. RSK is a service company which provides entertainment services in the nature of musical performances, personal appearances and the creation of musical compositions

and sound recordings. RSK is a Delaware limited liability company with its principal place of business in Chicago, Illinois, Cook County.

4. Spectacor, is on information and belief, a Pennsylvania limited partnership with its principle place of business in Philadelphia, Pennsylvania.

5. Spectacor, is on information and belief, a venue management company which manages venues for musical performances and other entertainment events.

6. Global Spectrum, L.P., is on information and belief, a Pennsylvania limited partnership with its principle place of business in Philadelphia, Pennsylvania.

7. Global Spectrum, L.P., on information and belief, conducts business under the factious name of Spectra Venue Management ("Spectra").

8. Spectacor, is on information and belief, through its agents and representatives, controls, manages, supervises, and oversees the operations of Spectra and Spectra's agents and representatives.

9. Martin, is on information and belief, a resident of Georgia.

10. Martin, is on information and belief, the Assistance General Manager of the Macon Centreplex located in Macon Georgia.

11. Martin, is on information and belief an employee, representative, agent of Spectacor and Spectra.

12. Defendants, is on information and belief, operate, control, and manage the entertainment venue known as Macon Centreplex located in Macon Georgia.

13. Defendants, is on information and belief, secure talent and entertainment events for live performances in Macon, Georgia at the Macon Centreplex.

14. Defendants had actual and/ or constructive knowledge of the acts described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the breaching and/ or fraudulent acts, and/ or retained the benefits of said breaching and/or fraudulent acts.

FACTS

15. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 14 of this Complaint, as if fully alleged herein.

16. RSK is in the business of providing entertainment services. RSK works exclusively with the entertainment services of Robert S. Kelly, who is a performing artist professionally known as R. Kelly ("Kelly") and is an American singer-songwriter, record producer, and rapper who has sold more than 40 million musical albums worldwide.

17. Spectacor and Spectra are in the business of contracting, securing, and hosting live entertainment events, such live musical performances at venues across the United States.

18. Defendants contract, secure and host live entertainment events, such as live musical performances, at the Macon Centreplex located in Macon, Georgia.

19. Defendants control the box office at the Macon Centreplex.

20. On February 12, 2017, Defendants controlled the box office at the Macon Centreplex and controlled all the funds received for live musical performances on that date in that venue.

*Performance Agreement*

21. On or about January 26, 2017, representatives for Plaintiff accepted an offer for Plaintiff to perform at the Macon Centreplex in Macon, Georgia for a Live Engagement on February 12, 2017 (hereinafter referred to as the "Kelly Performance").

22. The Kelly Performance required 2 payments-- an immediate initial deposit by wire to Plaintiff's representatives, and a second payment of $100,000.00 (hereafter referred to as "Balance") immediately prior to the Kelly Performance.

23. Due to the reputation of the Defendants and the fact that the Kelly Performance was on a Sunday when banks were closed, Plaintiff and Defendants, through their agent and/or employee, Defendant Martin, agreed that Defendants would hold the Balance on behalf of Plaintiff and wire it to Plaintiff's bank account the following business day.

24. Plaintiff entrusted Defendants to hold the Balance the day of the Kelly Performance.

25. Plaintiff entrusted Defendants to wire the Balance to Plaintiff's bank account the first business day following the Kelly Performance.

26. Defendants, through its agents and representatives, accepted Plaintiff's offer and agreed to hold the Balance the day of the Kelly Performance for the benefit of Plaintiff.

27. Defendants, through its agents and representatives, accepted Plaintiff's offer and agreed to wire the Balance to Plaintiff's bank accounts on February 13, 2017, the Monday following the Kelly Performance.

*Performance*

28. On February 12, 2017, in reliance of Defendants' promise to wire the Balance to Plaintiff's bank account on the Monday following the Kelly Performance (February 13, 2017), Kelly performed for Defendants at the Macon Centreplex in Macon, Georgia.

29. On February 12, 2017, in reliance of Defendants' promise to wire the Balance to Plaintiff's bank account on the Monday following the Kelly Performance (February 13, 2017), RSK provided entertainment services for Defendants at the Macon Centreplex in Macon Georgia.

*Breach*

30. Defendants never wired the Balance to Plaintiff's bank account for the services provided at the Kelly Performance.

COUNT I
BREACH OF CONTRACT *IN THE ALTERNATIVE*

31. Plaintiff re-alleges and incorporates by reference Paragraphs 1 – 30 of this Complaint, as if fully alleged herein.

32. As described above, Plaintiff offered to perform for Defendants at the Macon Centreplex in Macon Georgia on February 12, 2017.

33. Defendants promised to pay Plaintiff the Balance on February 13, 2017 via wire transfer to Plaintiff's bank account.

34. Plaintiff's reliance on this agreement and performing on February 12, 2017 at the Macon Centreplex in Macon, Georgia constitutes an acceptance of this agreement forming the "Performance Agreement."

*Contract Formation: Consideration*

35. The Performance Agreement is supported by consideration in the form of mutual promises. Plaintiff agreed to provide entertainment services at the Macon Centreplex on February 12, 2017. In exchange, Defendants promised to pay Plaintiff's the Balance wired to Plaintiff's bank account. Moreover, because Plaintiff agreed to perform and render services at the Macon Centreplex, Defendants benefited because of the concession sales that occurred at the Macon Centreplex in light of Plaintiff's performance and services rendered.

*Defendants' Breach of Expressed Contract Terms*

36. Plaintiff expressly directed Defendants to wire the Balance ($100,000.00) to Plaintiff's bank account on the Monday following the performance.

37. Defendants never wired the Balance to Plaintiff's bank account.

*Causation and Damages*

38. As an actual and proximate result of Defendants' breaches of this express contractual term described herein, Plaintiff has suffered harm. Plaintiff has been damaged insofar as it is being denied its outstanding balance of $100,000.00.

COUNT II
UNJUST ENRICHMENT *IN THE ALTERNATIVE*

39. Plaintiff re-alleges and incorporates by reference Paragraphs 1 – 38 of this Complaint, as if fully alleged herein.

40. Defendants retained the benefit of Plaintiff's services of providing entertainment for the Kelly Performance.

41. Defendants' benefit is to Plaintiff's detriment because Plaintiff has not received the amount contracted for its services.

42. Defendants' retention of this benefit violates the fundamental principles of justice, equality, and good conscience.

COUNT III
BREACH OF FIDUCIARY DUTY *IN THE ALTERNATIVE*

43. Plaintiff re-alleges and incorporates by reference Paragraphs 1 –42 of this Complaint, as if fully alleged herein.

44. Plaintiff entrusted Defendants to hold the Balance the day of the Kelly Performance.

45. Plaintiff further entrusted Defendants to wire the Balance to Plaintiff's bank account the first business day following the Kelly Performance.

46. The trusted relationship between Plaintiff and Defendants regarding the Balance created a fiduciary duty owed by Defendants to Plaintiff for the safe-keeping and conveyance of Plaintiff's $100,000.00 via wire transfer to Plaintiff's bank account.

47. Defendants failed to hold Plaintiff's funds (Balance) the day of the Kelly Performance and to wire transfer the Balance to Plaintiff's bank account the following day.

48. Defendants failure to hold and transfer Plaintiff's funds was a breach of Defendants' fiduciary duty to Plaintiff.

49. Defendants' breach proximately caused Plaintiff's injury.

## COUNT IV
## FRAUD IN THE INDUCEMENT *IN THE ALTERNATIVE*

50. Plaintiff re-alleges and incorporates by reference Paragraphs 1 – 49 of this Complaint, as if fully alleged herein.

51. Fraud in the inducement occurs when: (1) a party to a contract made a statement; (2) of a material nature; (3) which was untrue; (4) known by the person making it to be untrue, or made in culpable ignorance of its truth or falsity; (5) relied on by the victim to his detriment; (6) made for the purpose of inducing reliance; and (7) the victim's reliance led to his injury.

52. Defendants, a party to the Performance Agreement, through its agents, employees and/or representatives, namely Brian Martin, made the statement that it

would wire the Balance to Plaintiff's bank account on the Monday (February 13, 2017) following the Kelly Performance. This statement was material in nature.

53. Defendants, through its agents and representatives, knew or was in culpable ignorance of its truth or falsity that it would wire the Balance to Plaintiff's bank account on the Monday (February 13, 2017) following the Kelly Performance.

54. Plaintiff relied on Defendants' statement and provided entertainment services for the Kelly Performance.

55. Defendants' statement was made for the purposes of inducing Plaintiff's performance under the Performance Agreement.

56. Plaintiff's reliance on Defendants' statement that the Balance to Plaintiff's bank account would be wired on the Monday following the Kelly Performance led to Plaintiff's injury.

## COUNT V
## NEGLIGENCE *IN THE ALTERNATIVE*

57. Plaintiff re-alleges and incorporates by reference Paragraphs 1 – 56 of this Complaint, as if fully alleged herein.

58. Defendants owed Plaintiff a duty to act as a reasonable venue management company would act in the same or similar circumstances.

59. Defendants breach this duty when Defendants failed to wire the Balance to Plaintiff's bank account on the Monday following the Kelly Performance.

60. Defendants breach caused Plaintiff's injury.

COUNT VI
ILLINOIS CONSUMER FRAUD AND DECECPTIVE PRACTICES ACT (815 ILCS 505/2 et. seq.) *IN THE ALTERNATIVE*

61. Plaintiff re-alleges and incorporates by reference Paragraphs 1 – 60 of this Complaint, as if fully alleged herein.

62. Defendants, upon information and belief, willfully, intentionally, and with reckless indifference employed deception, fraud, false pretenses, false promise, misrepresentation, concealment, suppression, and omission of material fact that Defendants intended to wire the Balance to Plaintiff's bank account on the Monday following the Kelly Performance.

63. Defendants, upon information and belief, intended that Plaintiff rely upon this concealment, suppression and omission of such material fact.

64. Defendants have extensive knowledge in the trade of live musical performances.

65. Plaintiff relied on Defendants' representations, promises, and statements and was misled, deceived, and damaged by Defendants' actions.

66. As a live entertainment company, Plaintiff is a consumer of Defendants' services.

67. Defendants should not be permitted to willfully, intentionally, and with reckless indifference employ deception, fraud, false pretenses, false promise, misrepresentation, concealment, suppression, and omission of material fact to other members of the public by deceiving performers and live entertainment companies to induce performances for

which Defendants refuse to pay, despite earning sizeable concessions fees and the like from said performances.

**WHEREFORE**, Plaintiff, by and through its attorneys, Blaise & Nitschke, P.C. and Leavens, Strand & Glover, LLC, request judgment against Defendants for:

1. Breach of contract damages in the amount of $100,000.00 for the Performance Agreement;
2. Additional compensatory damages for an amount to be determined at trial;
3. Punitive damages for violation of 815 ILCS 505/2 et. seq.;
4. Reasonable attorneys' fees;
5. The cost of this action; and
6. Such other and further relief as the court deems proper.

JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 19, 2017

Respectfully submitted,

/Travis W. Life/
One of Plaintiff's Attorneys

Heather L. Blaise (ARDC# 6298241)
Blaise & Nitschke, P.C.
123 North Wacker Drive, Suite 250
Chicago, Illinois, 60606
312-448-6602

Travis W. Life (ARDC# 6279244)
Leavens, Strand & Glover, LLC
203 North LaSalle Street, Suite 2550
Chicago, Illinois 60601
312-488-4170